**Viktor CENI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–1910–ag.

United States Court of Appeals, Second Circuit.

Sept. 28, 2006.

Aleksander Milch, Christophe & Associates, P.C., New York, New York, for Petitioner.

Donald J. DeGabrielle, Jr., United States Attorney for the Southern District of Texas, Daniel David Hu, Assistant United States Attorney, Houston, Texas, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT A. KATZMANN, Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Petitioner Viktor Ceni, a native of the former Yugoslavia and a citizen of Serbia and Montenegro, seeks review of an April 6, 2006 order of the BIA affirming the November 15, 2004 decision of Immigration Judge ("IJ") Robert D. Weisel denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

*In re Viktor Ceni,* No. A97 835 826 (BIA Apr. 6, 2006), *aff'g* No. A97 835 826 (Immig. Ct. N.Y. City Nov. 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). The BIA also supplemented the IJ's adverse credibility determination by adding one factor. Accordingly, this Court will also review that factor. *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 293, 296 (2d Cir.2006). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Although we do not agree with all of the IJ's adverse credibility factors, we find that the non-erroneous reasons are sufficient for this Court to determine that the agency would reach the same conclusion on remand. *See Xiao Ji Chen,* 434 F.3d at 162. Ceni was clearly inconsistent about the time-line of events in Kosovo, and he was inconsistent as to what happened to him in the spring of 2003. Moreover, Ceni's claim was not supported by the country reports in the record, and he failed to provide any corroborating evidence regarding his personal circumstances in Kosovo. Based on these factors, a reasonable fact-finder would not have been compelled to accept Ceni's testimony as true. Accordingly, the IJ's adverse credibility determination is supported by substantial evidence, and the credibility determination was a sufficient ground for denying his asylum claim.

Because the only evidence of a threat to Ceni's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Despite both parties' arguments to the contrary, an IJ can deny an individual's CAT claim on adverse credibility grounds if that claim was based on the same facts alleged in his asylum claim. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005). Since Ceni's CAT claim was based on the same facts as his asylum claim, the IJ did not err in failing to consider the CAT claim independent of the asylum claim. In addition, the BIA did not err in finding that Ceni failed to present sufficient evidence that he would likely be tortured by the government upon his return to Kosovo. There is little evidence in the country reports regarding adverse treatment of Catholics in Kosovo, and there it not enough evidence to compel a finding that Ceni would be tortured by the government because of his political affiliations. Accordingly, the BIA's determination that Ceni failed to meet his burden of proof with respect to his CAT claim is supported by substantial evidence.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).